FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2016 DEC -7 PM 12: 26

CLERK, US DISTRICT...
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

**SERAP MARTINELLO,**

Plaintiff,

vs.

Case No. 3:16-CV-1511-J-39 PDB

**STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY**
a foreign corporation,

NOTICE OF REMOVAL

Defendant.

_____/

### DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S NOTICE OF REMOVAL OF CAUSE TO THE U.S. DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA

Defendant, State Farm Mutual Automobile Insurance Company [hereinafter "State Farm"], by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby submits its Notice of Removal and requests that the civil action known as **"Serap Martinello, Plaintiff, vs. State Farm Mutual Automobile Insurance Company, a foreign corporation, Defendant, which was filed as Case 16-2016-CA-007066 in the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida**, be removed to the United States District Court, Middle District of Florida. In support thereof, the Defendant states:

1. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332.

2. On or about November 7, 2016, Plaintiff, Serap Martinello, sued State Farm in a civil action now pending in the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida, Case Number 16-2016-CA-007066. On November 9, 2016, State Farm was served with a copy of the Summons and Complaint, copies of which are attached as

Exhibit "1."

3. At all times material hereto, Defendant State Farm was and is a mutual insurance company organized and incorporated pursuant to the law of the State of Illinois and maintaining its principal place of business in Illinois. A corporation is a citizen of any state in which it is incorporated and where it has its principal place of business. See 28 U.S.C. §1332(c). As such, State Farm is a citizen of Illinois.

4. At all times material hereto, Plaintiff, Serap Martinello, was citizen of the State of Florida. See Compl. ¶ 2.

5. Complete diversity of citizenship exists between Plaintiff and Defendant.

6. The amount of damages being sought by the Plaintiff in this action is believed to be in excess of seventy-five thousand dollars ($75,000.00). The Plaintiff's Complaint seeks recovery of uninsured/underinsured motorist coverage benefits under a policy of automobile insurance issued by State Farm which provides underinsured motorist coverage with limits of $100,000.00 per person and $300,000.00 per occurrence. A copy of State Farm's coverage disclosure was attached as an Exhibit to Plaintiff's Complaint.

7. The amount in controversy is also evidenced by the following:

   a. In correspondence dated December 18, 2015, counsel for Plaintiff demanded a settlement of $100,000.00. A copy of Plaintiff's settlement demand letter is attached hereto as Exhibit "2."

   b. The settlement demand letter described Plaintiff's injuries, including a "complete rupture of the rotator cuff," for which the Plaintiff underwent "arthroscopic right rotator cuff repair, subacromial decompression and extensive glenohumeral debridement" on July 14, 2015. See Exhibit "2."

    c. Plaintiff's December 18, 2015, settlement demand letter outlined $108,215.85 in past medical bills. Additionally, the letter detailed Plaintiff's lost wages claim, expenses for prescription medication, and medical mileage expenses, each individually "estimated in the hundreds of dollars." See Exhibit "2."

    d. In addition to the economic damages outlined in Plaintiff's settlement demand letter, Plaintiff has also claimed non-economic damages in the Complaint, including "pain and suffering," "mental anguish," and "loss of capacity for the enjoyment of life . . . ." See Compl. ¶ 7. Although no specific number has been demanded for these damages, Plaintiff's counsel writes in the December 18, 2015, demand letter that "a jury hearing this case would award a high amount for pain and suffering damages as they would understand how a crash this serious could have a long term impact on Ms. Martinello." See Exhibit "2."

    e. An updated settlement demand letter was sent on March 2, 2016, by counsel for Plaintiff outlining an increase in total past medical bills of $108,860.85. A copy of this settlement demand update is attached hereto as Exhibit "3."

    f. Redacted copies of Plaintiff's medical bills totaling $99,649.85[1], as well as a recorded Verified Claim of Hospital Lien in the amount of $71,148.00 for Plaintiff's July 14, 2015, shoulder surgery are attached hereto as Exhibit "4."

8. When a plaintiff has not pled a specific amount of damages in the complaint, the defendant must prove by a preponderance of evidence that the amount in controversy exceeds the jurisdictional amount of $75,000. Leonard v. Enterprise Rent A Car, 279 F.3d 967, 972

---

[1] At this early posture, Defendant is not in possession of all medical bills outlined in Plaintiff's letter; however, the bills currently in Defendant's possession clearly exceed $75,000.00.

(11th Cir. 2002). Indeed, Plaintiff did not plead a specific amount of damages in the Complaint; only the requisite jurisdictional amount for filing in state circuit court was pled.

9. "A settlement offer 'commonly reflect[s] puffing and posturing, and ... is entitled to little weight in measuring the preponderance of the evidence.'" Hernandez v. Burlington Coat Factory of Florida, LLC, 2:15-CV-403-FTM-29CM, 2015 WL 5008863, at *2 (M.D. Fla. Aug. 20, 2015)(quoting Kilmer v. Stryker Corp., No. 14-CV-456, 2014 WL 5454385, at *4 (M.D.Fla. Oct.27, 2014)). "However, when a settlement offer is supported by documented medical bills and specific medical diagnoses, such information may be sufficient to plausibly allege that the amount in controversy exceeds $75,000." Id. See also Scott v. Home Depot U.S.A., Inc., No. 11-CV-62426, 2012 WL 86986, at *3 (S.D. Fla. Jan. 11, 2012); Mangano v. Garden Fresh Restaurant Corp., No. 2:15-cv-477-FtM-99MRM, 2015 WL 5953346 (M.D. Fla. Oct. 13, 2015). Thus, a court may consider a demand letter when determining whether the defendant has met the jurisdictional requirement. Pate v. State Farm Mut. Auto. Ins. Co., No. 3:10cv223/MCR/EMT, 2010 WL 3372195, at *2 (N.D. Fla. 2010). See also District Court Order denying plaintiff's motion to remand in Jonsson v. State Farm Mut. Auto. Ins. Co., 3:09-CV-1034-J-25TEM (M.D. Fla. Jan. 25, 2010).

10. This Notice of Removal is filed within thirty (30) days of receipt by State Farm of a copy of the initial pleading setting forth the claim for relief upon which the action is based, pursuant to 28 U.S.C. § 1446(b).

11. Pursuant to 28 U.S.C. §1446(a) and Rule 4.02(b) of the Local Rules of the United States District Court, Middle District of Florida, a copy of all process, pleadings, orders, and other papers or exhibits of every kind on file with the state court is filed herewith as Exhibit "5."

12. Venue is proper in the Jacksonville Division of this Court pursuant to Rule 1.02(b) of the Local Rules of the United States District Court, Middle District of Florida, as the state court action originated in Duval County, Florida.

WHEREFORE, Defendant respectfully requests that the state court action now pending be removed and proceed in this Court and that no further proceedings be held in the state court action

Dated this 7th day of December, 2016.

O'HARA LAW FIRM, P.A.

_____
J. Stephen O'Hara, Jr.
Florida Bar No. 243371
**Brian M. Guter**
Florida Bar No. 0113681
4811 Beach Boulevard, Suite 303
Jacksonville, FL   32207
Telephone (904) 346-3166
Facsimile (904) 346-5445
Service E-Mail:   eService@oharalawfirm.com
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy hereof has been furnished to James A. Farson, Esquire, Lindell & Farson, P.A., 12276 San Jose Boulevard, Suite 126, Jacksonville, FL   32223, via e-mail at pleadings@lindellfarson.com on this 7th day of December, 2016.

_____
J. Stephen O'Hara, Jr.
Brian M. Guter